IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-576-BO

SYLVIA CRISP WILLIAMS, )
)
    Plaintiff, )
)
v. ) O R D E R
)
ANDREW SAUL, )
*Commissioner of Social Security*, )
)
    Defendant. )

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing on the motions was held before the undersigned on January 13, 2021 via videoconference. For the reasons that follow, plaintiff's motion is granted and this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on January 11, 2017 and has alleged an onset date of January 6, 2017. After initial denials, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g) this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to

determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the ALJ determined that plaintiff met the insured status requirements through December 31, 2020, and that she had not engaged in substantial gainful activity since her alleged onset date. The ALJ found plaintiff's bilateral, severe stage open angle glaucoma; chronic iridocyclitis; bilateral nuclear sclerosis cataracts; bilateral dry eye syndrome; mild degenerative disc disease; plantar fascial fibromatosis of the left foot; mild left ankle degenerative disease; left hand and left foot polyneuropathy; obesity; anxiety; and depression were severe impairments at step two, but determined at step three that plaintiff did not have an impairment or combination of impairments which met or medically equaled a disability listing. The ALJ found plaintiff to have an RFC of a reduced range of light work with limitations. The ALJ found that at step four plaintiff could not return to her past relevant work as an accounting clerk at an auto dealership, but that at step five, in light of plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

The Court finds that remand for the ALJ to properly evaluate whether plaintiff can sustain vision acuity or focus throughout the workday is necessary. Plaintiff testifies that she stopped working as an accounting clerk in 2017 due to worsening glaucoma and recurrent eye infections and that she could no longer use a computer without eye strain and pain. She has undergone five laser eye surgeries for advanced glaucoma, but her eye pressure continues to increase following surgeries and despite the use of drops. Her eyes become fatigued when she reads or looks at a computer screen, and she can no longer drive because she can no longer read street signs. At her hearing, she testified that she could only read print up close and that she had to rely on her husband for driving. She testified that she tripped and bumped into things when walking around, that she was unable to navigate a computer efficiently because of an inability to read the screen, and that she suffered headaches from eye strain.

Here, the ALJ found plaintiff capable of performing work that "does not require the use of the computer," does "not require peripheral vision" or "driving an automobile," and does not require reading text "smaller than ordinary newspaper or book print." However, the ALJ failed to explain why she adopted at least partially adopted plaintiff's testimony that she had difficulties with peripheral vision and driving, but did not adopt her testimony regarding her difficulties with reading ordinary newspaper and book print and her inability to sustain visual focus throughout the workday.

The ALJ did not perform a function-by-function assessment of plaintiff's near or far acuity or her ability to read text without accommodations or her ability to read and focus throughout the course of the workday despite pain, dry eyes, intermittently blurry vision, headaches, and fatigue. The ALJ attempted to justify these lack of limitations by plaintiff's daily activities, which include

4

making simple meals, caring for her personal hygiene, taking care of her dog, and attempting to read, but none of these activities demonstrate an ability to see and focus on newspaper- or book-sized print throughout the workday. There is a ground for remand where, as here, the ALJ's conclusion that plaintiff's activities demonstrate she is capable of the work is unsupported by the record. *See Lewis v. Berryhill*, 858 F.3d 858, 868, n.3 (4th Cir. 2017). All of the jobs which the ALJ found plaintiff capable of performing require near acuity frequently during the day. *See* Dictionary of Occupational Titles §§ 209.587-034; 209.687-026; 789.687-066 (Dep't of Labor 1977); Selected Characteristics of Occupations as Defined in the Revised Dictionary of Occupational Titles §§ 05.09.03; 06.04.38; 07.05.04 (Dep't of Labor 1993).

Finally, the ALJ failed to explain how the record does not support plaintiff's testified limitations. In other words, the analysis is deficient because there is no logical bridge between the medical evidence summary in her decision and her RFC decision. A decision may be remanded when the ALJ does not indicate how any of the facts cited show that the plaintiff can perform the RFC's required functions. *Monroe v. Colvin*, 826 F.3d 176, 189–90 (4th Cir. 2016).

## CONCLUSION

Accordingly, plaintiff's motion for summary judgment [DE 26] is GRANTED and defendant's motion for judgment on the pleadings [DE 32] is DENIED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this __14__ day of January 2021.

                                               Terrence Boyle
                                               TERRENCE W. BOYLE
                                               UNITED STATES DISTRICT JUDGE